**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SEBRINA S. CONYERS,**

    **Plaintiff,**

**v.**                                                    **Case No: 6:11-cv-701-Orl-37DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____/

# ORDER

This cause comes before the Court on Plaintiff's Unopposed Motion for Attorney's Fees (Doc. No. 23), filed on June 25, 2012. Plaintiff's application for fees follows the issuance of an Order and entry of Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. Nos. 20 and 21).

Pursuant to the Equal Access to Justice Act ("EAJA"), a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. Title 28 U.S.C. § 2412(d)(1)(A).

Plaintiff's Motion seeks an award of attorney's fees in the amount of $4,676.75, calculated at the rate of $180.57 per hour for 25.9 hours of work expended in 2011 and 2012 (factoring in the statutory rate of $125.00 per hour adjusted for cost of living

increase of 44.46% (based on the applicable Consumer Price Index[1])). (Doc. No. 23); *see Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under EAJA); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (Consumer Price Index is appropriate proof of cost of living increase and justifies higher award than statutory rate). The Commissioner is not opposed to the hours or rate sought. (*See* Doc. No. 23, p. 3.)

Counsel also states that Plaintiff has assigned her fees to counsel. (*Id.* at ¶ 9.) The parties have agreed that after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government, and if the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. (*Id.*)

Any arrangement between client and counsel is outside the purview of the judgment. Moreover, under Supreme Court of the United States precedent directly on point, *Astrue v. Ratliff*, 130 S. Ct. 2521, 2523 (June 14, 2010), EAJA attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney. *See Martin v. Astrue*, Case No. 3:08-cv-1013-J-TEM, 2010 WL 2639566, \*2 (M.D. Fla. June 29, 2010) (observing that "*Ratliff* acknowledges that historically the actual payment of EAJA fees is often directed to the attorney for the prevailing party, and sets forth that such practice will in fact continue where the prevailing plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney"); *Whittemore v. Astrue*, No. 3:09-cv-1242-J-25MCR, 2011 WL 2144590, at \*2 (M.D. Fla. May 31, 2011) (stating that in *Astrue*

---

[1] **Error! Main Document Only.***See* United States Department of Labor Bureau of Labor Statistics, Table of Consumer Price Index. http://www.bls.gov/cpi/.

*v. Ratliff*, the Supreme Court "implicitly approved the practice of issuing EAJA payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the Government and the plaintiff has assigned the right to the EAJA fees to the attorney").

Upon review of the supporting papers filed by Plaintiff and the Commissioner's lack of objection, the Court finds that an award of $4,676.75 is appropriate under the EAJA and **GRANTS** Plaintiff's Unopposed Motion for Attorney's Fees (Doc. No. 23), filed on June 25, 2012. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff in the amount of $4,676.75 for attorney's fees.

**DONE** and **ORDERED** in Orlando, Florida on July 13, 2012.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record